# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

In re: ) Chapter 7 Proceedings
)
**Richard John Zivney, III** ) Case No: 3:16-bk-7582-DPC
)
Debtor. ) **Amended Under Advisement Ruling on**
) **Debtor's Motion for Reconsideration of**
) **Order Sustaining Trustee's Objection to**
) **Claimed Exemption**
)
) **(NOT FOR PUBLICATION)**

On December 13, 2016, the Court entered an Order Sustaining Trustee's Objection to Claimed Exemption. Debtor filed a Motion for Reconsideration of the Order. The Debtor has not provided sufficient grounds for the Court to grant relief from the Order. The Motion for Reconsideration is denied.

## I. Procedural History

On Schedule C of Debtor's Schedules and Statements, (DE 1 p. 19 of 62), Debtor claimed an exemption in $8,800 on deposit at BMO Harris. The Debtor cited 42 U.S.C. § 407 and A.R.S. § 33-1126(A)(9) in support of the exemption, claiming that the funds were "Social security payments and IRS refund from 2015 (refund consisted solely of SS payments withheld)." *Id.*

On September 1, 2016, Trustee filed a motion to compel turnover ("First Motion to Compel") of $5,450.00 in income tax refunds deposited into the BMO account. (DE 35). The Court held a hearing on the First Motion to Compel on September 21, 2016. (DE 45). Debtor did not file any responsive pleadings. At the hearing, with Debtor's counsel present, the Court ordered that the funds be deposited into Debtor's counsel's trust account pending resolution of the First Motion to Compel. *Id.* Counsel for Trustee also informed the Court and Debtor's counsel that Trustee had filed a motion to extend the deadline to object to debtor's claimed exemptions. (DE 32). The Extension was granted on September 19, 2016. (DE 44).

On November 16, 2016, Trustee filed an objection to the claimed exemption ("Exemption Objection"). (DE 52). The objection contained the following language:

> If you do not want the court to sustain the trustee's objection to the claimed exemptions and disallow them or if you want the court to consider your views on the trustee's objection, then on or before **December 9, 2016**, you or your attorney must file with the Court a written response requesting a hearing on the trustee's objection.

The Court held a hearing on the Exemption Objection on November 18, 2016. (DE 55). Debtor did not file any responsive pleadings to the Exemption Objection prior to the hearing. However, at the hearing, Debtor's counsel stated that he had seen the Exemption Objection and planned to file a response. The matter was set for hearing on January 27, 2017. (DE 55).

On December 12, 2016, Trustee filed a Certificate of Service and No Objections to the Exemption Objection. (DE 56). On December 13, 2016, the Court subsequently entered an Order Sustaining the Exemption Objection ("Order Sustaining"). (DE 58). On January 3, 2017, and again on January 10, 2017, Trustee contacted Debtor's Counsel and demanded turnover of the $5,450.00 held in trust. (DE 65, Exhibits 2 & 3). When Debtor's Counsel did not turn the money over, Trustee filed a motion to compel ("Second Motion to Compel"). (DE 62). On January 26, 2017, Debtor filed a Response to the Second Motion to Compel that also contained a Motion for Reconsideration of the Court's Order Sustaining the Exemption Objection ("Response/Motion for Reconsideration"). (DE 64). On January 26, 2017, Trustee filed a Reply. (DE 65). On January 27, 2017, the Court held a hearing on Second Motion to Compel and took the matter under advisement. (DE 67).

**II.    Issue**

Has the Debtor demonstrated that grounds exist for the Court to grant relief from its Order Sustaining Trustee's Objection to Claimed Exemption?

### III. Analysis

Debtor's Motion for Reconsideration does not provide any authority for the Court to reconsider its previous ruling. There is of course no rule permitting motions for reconsideration. The federal rules do not contemplate motions for reconsideration. *In re Curry & Sorensen, Inc.*, 57 B.R. 824, 827 (B.A.P. 9th Cir. 1986) *citing Smith v. Hudson,* 600 F.2d 60, 62 (6th Cir.1979) and *In re Morrison, supra,* 26 B.R. at 60. The Court will treat Debtor's filing as a motion under Bankruptcy Rule 9024 and Rule 60 of the Federal Rules of Civil Procedure (hereinafter "Rule 60").[1] Bankruptcy Rule 9024 incorporates Rule 60. Rule 60 permits a court to grant relief from a prior judgment or order under certain circumstances. Specifically, Rule 60(b) states:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The Response/Motion for Reconsideration does not argue there has been a mistake, inadvertence, surprise, or excusable neglect. Nor does it argue that some newly discovered evidence changes the facts or application of the law. Rather, the Response/Motion for Reconsideration argues that the Trustee holds bank records from Debtor's Chase account, which demonstrate that the money Trustee is seeking to recover is exempt. This argument fails Rule 60(b)(2) because such evidence was discoverable prior to the time the Court's Order Sustaining. Further, the Ninth Circuit has explained, "[m]otions for reconsideration which merely revisit the same issues already ruled upon

---
[1] The Court notes Debtor's Motion for Reconsideration cannot be considered as a request to alter or amend the Order Sustaining since it was filed more than 14 days after entry of the Order Sustaining. *See* Fed.R.Bankr.P 9023 and Fed.R.Civ.P. 59.

by the trial court, **or which advance supporting facts that were otherwise available when the issues were originally briefed, will generally not be granted**." *In re Negrete*, 183 B.R. 195, 197 (B.A.P. 9th Cir. 1995), aff'd, 103 F.3d 139 (9th Cir. 1996) (*emphasis added*).

The Court also finds that its Order Sustaining was not procured by fraud or misrepresentation. Debtor failed to provide any timely responsive pleadings to the Exemption Objection. Debtor's Counsel acknowledged at the November 18, 2016 hearing that he was aware of the Exemption Objection and planned to file a response. This District's Local Bankruptcy Rules provide in Rule 9013-1(c) that ". . . the party responding to a motion shall have 14 days after service within which to serve and file a responsive memorandum . . . ." Further, the Exemption Objection also made plainly clear that the 14-day time to respond would expire on December 9, 2016.

**IV.    Conclusion**

This Court has been supplied with nothing which would support granting relief from the Court's Order Sustaining the Trustee's Objection to Claimed Exemption,

**IT IS ORDERED,** denying Debtor's Motion for Reconsideration.

**Signed and Dated Above.**

1 | COPY of the foregoing mailed by the BNC to:

2 | Lonnie K. McDowell PLC
PO Box 312
3 | Cottonwood, AZ 86326

4 |
William E. Pierce
5 | P.O. Box 429
Chino Valley, AZ 86323-0429
6 |

7 | Terry A. Dake, Ltd.
20 E. Thomas Rd., Ste. 2200
8 | Phoenix, AZ 85012-3133

9 | Richard John Zivney, III
5075 Spyglass Hill Dr., Apt 1094
10 | Las Vegas, NV 89142

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26