**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

In re:                              )   Chapter 7 Proceedings
                                    )
**Richard John Zivney, III**        )   Case No: 3:16-bk-7582-DPC
                                    )
**Debtor.**                         )   **Amended Under Advisement Ruling**
                                    )   **on Trustee's Motion to Compel**
                                    )   **Turnover of Non-Exempt Funds**
                                    )
                                    )   **(NOT FOR PUBLICATION)**

Chapter 7 Trustee William Pierce, through counsel, filed a motion to compel turnover of funds determined to be nonexempt by court order. Debtor filed a response, arguing the funds are exempt Social Security proceeds. After consideration, the Court finds the arguments raised in the response are untimely. Therefore, the Court is granting the Trustee's Motion to Compel.

**I.     Procedural History**

On Schedule C of Debtor's Schedules and Statements, (DE 1 p. 19 of 62), Debtor claimed an exemption in $8,800 on deposit at BMO Harris. The Debtor cited 42 U.S.C. § 407 and A.R.S. § 33-1126(A)(9) in support of the exemption, claiming that the funds were "Social security payments and IRS refund from 2015 (refund consisted solely of SS payments withheld)." *Id.*

On September 1, 2016, Trustee filed a motion to compel turnover ("First Motion to Compel") of $5,450.00 in income tax refunds deposited into the BMO account. (DE 35). The Court held a hearing on the First Motion to Compel on September 21, 2016. (DE 45). Debtor did not file any responsive pleadings. At the hearing, with Debtor's counsel present, the Court ordered the funds be deposited into Debtor's counsel's trust account pending resolution of the First Motion to Compel. *Id.* Counsel for Trustee also informed the Court and Debtor's counsel that Trustee had filed a motion to extend the deadline to object to debtor's claimed exemptions. (DE 32). The Extension was granted on September 19, 2016. (DE 44).

On November 16, 2016, Trustee filed an objection to the claimed exemption ("Exemption Objection"). (DE 52). The objection contained the following language:

> If you do not want the court to sustain the trustee's objection to the claimed exemptions and disallow them or if you want the court to consider your views on the trustee's objection, then on or before **December 9, 2016**, you or your attorney must file with the Court a written response requesting a hearing on the trustee's objection.

The Court held a hearing on the Exemption Objection on November 18, 2016. (DE 55). Debtor did not file any responsive pleadings to the Exemption Objection. However, at the hearing, Debtor's counsel stated that he had seen the Exemption Objection and planned to file a response. The matter was then set for hearing on January 27, 2017. (DE 55).

On December 12, 2016, Trustee filed a Certificate of Service and No Objections to the Exemption Objection. (DE 56). On December 13, 2016, the Court Subsequently entered an Order Sustaining the Exemption Objection ("Order Sustaining"). (DE 58). On January 3, 2017, and again on January 10, 2017, Trustee contacted Debtor's Counsel and demanded turnover of the $5,450.00 held in trust. (DE 65, Exhibits 2 & 3). When Debtor's Counsel did not turn the money over, Trustee filed a motion to compel ("Second Motion to Compel"). (DE 62). On January 26, 2017, Debtor filed a Response to the Second Motion to Compel that also contained a Motion for Reconsideration of the Court's Order Sustaining the Exemption Objection ("Response/Motion for Reconsideration"). (DE 64). On January 26, 2017, Trustee filed a Reply. (DE 65). On January 27, 2017, the Court held a hearing on Second Motion to Compel and took the matter under advisement. (DE 67).

## II. <u>Issue</u>

Has the Debtor provided timely argument as to why the Trustee's Motion to Compel should not be granted?

## III. Analysis

Trustee's Second Motion to Compel asks the Court to enforce its Order Sustaining. The Response/Motion for Reconsideration makes arguments that would have been appropriately raised in a responsive pleading on or before December 9, 2016, when the 14-day time to respond to the Exemption Objection ran. Instead, Debtor filed nothing, despite conveying to the Court on November 18, 2016, that Debtor was aware of the Exemption Objection and planned to file a response. The Court entered its Order Sustaining based on a wholly unopposed Objection. This District's Local Bankruptcy Rules provide in Rule 9013-1(c) that ". . . the party responding to a motion shall have 14 days after service within which to serve and file a responsive memorandum." When the 14-day deadline to respond came and went, so did the Debtor's opportunity to provide argument as to why the Exemption Objection should have been overruled. Moreover, on December 14, 2016, Debtor and his counsel received Notice of Entry of the Order Sustaining (DE 14) yet did nothing until after the trustee filed his Second Motion to Compel. By the time the Debtor filed anything relative to this issue, the Order Sustaining had long since become final and non-appealable.

## IV. Conclusion

For the reasons stated above,

**IT IS ORDERED** granting Trustee' Second Motion to Compel Turnover.

**Signed and Dated Above.**

| | |
|---|---|
| 1 | COPY of the foregoing mailed by the BNC to: |
| 2 | Lonnie K. McDowell PLC |
| 3 | PO Box 312<br>Cottonwood, AZ 86326 |
| 4 | |
| 5 | William E. Pierce<br>P.O. Box 429 |
| 6 | Chino Valley, AZ 86323-0429 |
| 7 | Terry A. Dake, Ltd. |
| 8 | 20 E. Thomas Rd., Ste. 2200<br>Phoenix, AZ 85012-3133 |
| 9 | Richard John Zivney, III |
| 10 | 5075 Spyglass Hill Dr, Apt 1094<br>Las Vegas, NV 89142 |